UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALPHONSO HANDLEY,

                                    Petitioner,

          v.                                                              **ORDER**
                                                                          01-CR-204S
                                                                          03-CR-067S

UNITED STATES OF AMERICA,

                                    Respondent.

_____


## BACKGROUND

On April  4, 2003, Petitioner Handley appeared before this Court, executed a

Waiver of Indictment, and pled guilty to a One Count Information that charged him with

possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and

924(e) and to Count I of Indictment 01-CR-204-S charging him with possession with intent

to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).  The

plea agreement and ensuing judgments resolved two separate criminal complaints against

Handley in cases 01-CR-204 and 03-CR-067.  Handley is incarcerated pursuant to those

convictions.

Presently before this Court are Handley's post-sentence motions filed on March 4,

2004 and captioned "Motion To Dismiss the Indictment - Failure to charge a Federal

Offense and lack of jurisdiction" in 01-CR-204, and "Motion To Dismiss the information-

-1-

-Failure to charge a Federal Offense and lack of jurisdiction" in 03-CR-067 [1] [2] (01 Docket No. 58; 03 Docket No. 38).  Along with each Notice of Motion, Handley filed documents captioned "Petition" (2 pages) and "Memorandum of Law" (1 page).  Except for the respective use of the words "indictment" and "information" the documents are identical.

Nowhere in either of Handley's motions or his supporting papers did he cite to a procedural rule or statute upon which he invokes the Court's authority to grant him the requested relief—*i.e.*, the dismissal of the indictment and information against him and, presumably (though not expressly requested), the vacatur of his convictions.  Therefore, this Court looked to the substance of the motions, including the relief requested, in order to characterize the nature of Handley's requests.  The Court docketed both as motions to vacate  under 28 U.S.C. § 2255 and set a deadline of April 23, 2004 in each case for the Government's answer (*Id.*; 01 Docket No. 59; 03 Docket No. 39).

Inexplicably, the Government filed an answer[3] only in 01-CR-204 and then proceeded to address only Handley's challenge to the adequacy of the information, which is the subject of his motion in 03-CR-067 (01 Docket No. 60).

In response to the Government's answer/motion, Handley cited to Castro v. United States, 540 U.S. 375, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003), and vehemently contested the docketing of his motions under 28 U.S.C. § 2255.  According to Handley, he is not attacking his sentence pursuant to 28 U.S.C. § 2255, but rather, "the original

---

[1]  Documents in these respective cases will be referred to as "01 Docket No. __" and "03 Docket No. __."

[2]  As already noted, the challenged indictment and information both form the basis for a single plea agreement.

[3]  The Government's answer was captioned, in the alternative, as a "motion to dismiss the defendant's petition seeking to collaterally attack his sentence pursuant to 28 U.S.C. § 2255."

service/process of the original proceedings" pursuant to Rules 4, 12, 33, 55, and 60 of the

Federal Rules of Civil Procedure (01 Docket No. 63, ¶¶ 1, 5).

## DISCUSSION

In <u>Castro</u>, the United States Supreme Court considered whether a court may treat

as a request for habeas relief under 28 U.S.C. § 2255 a motion that a *pro se* federal

prisoner has labeled differently.   540 U.S. at 377.   The Court noted that serious

consequences may result from such treatment because any subsequent motion made by

the prisoner under § 2255 would be subject to the restrictions on filing a "second or

successive motion."  *Id.*  In light of these consequences, the Court held that:

> [T]he court cannot so recharacterize a *pro se* litigant's motion as the litigant's
> first § 2255 motion *unless* the court informs the litigant of its intent to
> recharacterize, warns the litigant that the recharacterization will subject
> subsequent § 2255 motions to the law's "second or successive" restrictions,
> and provides the litigant with an opportunity to withdraw, or amend, the filing.

*Id.*

The Second Circuit previously had undertaken a similar analysis and reached the

same conclusion in <u>Adams v. U.S.</u>, 155 F.3d 582, 584 (2d Cir. 1998), holding that:

> [D]istrict courts should not recharacterize a motion purportedly made under
> some other rule as a motion made under § 2255 unless (a) the movant, with
> knowledge of the potential adverse consequences of such
> recharacterization, agrees to have the motion so recharacterized, or (b) the
> court finds that, notwithstanding its designation [by the movant], the motion
> should be considered as made under § 2255 because of the nature of the
> relief sought, and offers the movant the opportunity to withdraw the motion
> rather than have it so recharacterized.

In both <u>Castro</u> and <u>Adams</u>, the *pro se* prisoners invoked a specific procedural rule

in their initial filings.  Here, Handley did not cite to any statute or rule and left it to the Court

to determine what basis, if any, he could rely on to seek the relief requested.  Handley then

belatedly protested the Court's determination and urged an alternative basis for relief in his response papers.

Despite Handley's "back door" approach to labeling his claim, this Court finds that the reasoning of <u>Castro</u> and <u>Adams</u>—that a *pro se* litigant should have a full and fair opportunity to knowingly advance a first § 2255 motion—applies in this case as well.  That being said, this Court also finds Handley's assertion that "this matter [is] before the court on issue under rules 4 and 12 . . . while being actionable under Rules 33, 55 and 60" of the Federal Rules of Civil Procedure" to be unavailing (01 Docket No. 63, ¶ 5).  Handley's convictions are the outcome of criminal proceedings to which the Federal Rules of Civil Procedure do not apply.  Accordingly, he cannot rely on civil procedural rules to invoke this Court's authority to grant the requested relief.

## CONCLUSION

Handley's motions advance the kind of arguments and seek the kind of relief covered by 28 U.S.C. § 2255.  Handley has not identified any alternative cognizable basis for the relief requested and, therefore, this Court intends to treat Handley's motions to dismiss the indictment and the information as a request for habeas relief.  Should these motions be decided under 28 U.S.C. § 2255, any further motion under § 2255 made in 01-CR-204 or 03-CR-067 will be subject to the provisions restricting "second and successive" habeas motions to those based upon newly discovered evidence or a new rule of constitutional law.

In the event Handley does not wish to have these motions treated as a request for habeas relief, he must notify the Court of his intention to withdraw the motions on or before **September 15, 2005**.

-4-

Should Handley decide to have these motions considered under § 2255, he may file a single amended motion, on or before **September 15, 2005**, setting forth any additional grounds for his request for habeas relief.  An amended motion will **completely replace** the prior motions in both actions.  Therefore, an amended motion must include both case numbers and all grounds for habeas relief relating to both judgments.

## ORDERS

IT HEREBY IS ORDERED, that in the event Petitioner does not wish to have his motions (01-CR-204 Docket No. 58; 03-CR-067 Docket No. 38) considered as a request for habeas relief, he must notify the Court of his intention to withdraw the motions on or before **September 15, 2005**;

FURTHER, that in the event Petitioner does not withdraw his motions, they will be considered as a request for habeas relief pursuant to 28 U.S.C. § 2255;

FURTHER, that Petitioner is granted leave to file an amended motion by **September 15, 2005**, *only* for the purpose of setting forth all grounds for habeas relief;

FURTHER, that the Clerk of the Court is directed to send to Petitioner with this order a copy of his original motions, a blank form for filing a motion under 28 U.S.C. § 2255, and the instructions for preparing an amended motion.


SO ORDERED.

Dated:      August 4, 2005
            Buffalo, New York

                          /s/William M. Skretny
                          WILLIAM M. SKRETNY
                          United States District Judge