UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

ALPHONSO HANDLEY,

                                  Petitioner,

v.                                                      **DECISION AND ORDER**
                                                              01-CR-204S
                                                              03-CR-67S

UNITED STATES OF AMERICA,

                                  Respondent.

## I.  INTRODUCTION

On April 4, 2003, Petitioner Handley appeared before this Court, executed a Waiver of Indictment, and pled guilty to a One Count Information that charged him with possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and to Count I of Indictment 01-CR-204-S charging him with possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).  The plea agreement and ensuing judgments resolved two separate criminal complaints against him in cases 01-CR-204 and 03-CR-067.

On March 4, 2004, Handley filed a post-sentence petition in each case, captioned "Petition to Dismiss Indictment for Failure to Charge a Federal Offense and Lack of Jurisdiction in that the Indictment is Vague and Insufficient" in 01-CR-204, and "Petition to Dismiss Information for Failure to Charge a Federal Offense and Lack of Jurisdiction in that the Information is Vague and Insufficient" in 03-CR-067. [1] (01 Docket No. 58; 03 Docket No. 38).

---

[1] Documents in these respective cases will be referred to as "01 Docket No. __" and "03 Docket No. __."

Handley's post-sentence petitions did not cite to any procedural rule or statutory basis for the relief requested.  Accordingly, this Court looked to the substance of the petitions and docketed them as motions to vacate his sentence under 28 U.S.C. § 2255. In response to the Government's answer/motion to dismiss, Handley contested the Court's characterization of his petitions and claimed he was challenging "the original service/process of the original proceedings" pursuant to Rules 4, 12, 33, 55 and 60 of the Federal Rules of Civil Procedure.  (01 Docket No. 63, ¶ 1).  Handley urged that "process under rule 4 is violated for failure to charge a crime against the United States within the 120 day period" and "the case [against him] was falted [sic] from the start for improper service/process which created a lack of jurisdiction under Article III." *Id*., ¶ 5.

In an Order dated August 4, 2005, this Court noted that Rule 4 of the Federal Rules of Civil Procedure is not applicable to criminal proceedings and, therefore, Handley had not identified any cognizable basis for relief as an alternative to 28 U.S.C. § 2255. *Id.*, Docket No. 67, p. 4.  Handley was expressly notified of this Court's intent to treat his post-sentence petitions as requests for habeas relief pursuant to 28 U.S.C. § 2255, and he was provided the opportunity to withdraw or amend his original filings.  *See* Castro v. United States, 540 U.S. 375, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003); Adams v. United States, 155 F.3d 582 (2d Cir. 1998).  Currently before this Court  is Handley's "Amendment to Motion," filed on August 25, 2005.  *Id*., Docket No. 68.

Handley states in his "Amendment" that his request for relief is "best addressed as a Rule 60(b) motion" and he "moves this Honorable Court to hold in abeyance any recharacterization or ruling on as a § 2255." (01-CR-204, Docket No. 68, pp. 3, 4). Handley further advises that"[u]nless some sort of guarantee is given by this Honorable Court that the § 2255 would not be rule [sic] on as being time barred or incorrectly filed Mr.

Handley could not in his best interest choose to go a rout [sic] that would deny him justice." *Id.*, p. 3.

This Court previously considered and rejected Handley's argument that his petitions should be considered under various other avenues for relief, including FED. R. CIV. P. 60, based upon a violation of FED. R. CIV. P. 4. Although clearly apprised of the Court's intent to consider this matter under section 2255, Handley neither withdrew nor amended his original petitions. Accordingly, they are considered as initially presented.[2] For the reasons set forth below, the petitions are denied.

## II.  BACKGROUND

As noted above, by written agreement dated April 4, 2003, Handley agreed to waive indictment and plead guilty to a one count information in 03-CR-067, and to plead guilty to Count I of indictment 01-CR-204-S. (01 Docket No. 46, ¶ 1). Those charges carried possible maximum terms of life imprisonment (violation of 18 U.S.C. §§ 922(g)(1) and 924(e)) and twenty years (violation of 21 U.S.C. § 841(a)(1)). *Id.* The plea agreement stipulated that: the enumerated violations would result in a combined adjusted offense level 35; the Government would not oppose a recommendation for a three (3) level downward adjustment; and the resulting offense level of 32, along with Handley's criminal history category of VI, would result in a sentencing range of 210 to 262 months. *Id.*, ¶¶ 10, 11, 14. As part of his plea agreement, Handley "knowingly waive[d] the right to appeal, modify pursuant to Title 18 United States Code, Section 3582(c)(2) and collaterally attack any sentence imposed by the Court which falls within or is less than the sentencing range for

---

[2] Along with each Petition (2 pages), Handley filed documents captioned "Notice of Motion" (1 page) and "Memorandum of Law" (1 page). (01 Docket No. 58, 03 Docket No. 38). Except for the respective use of the words "indictment" and "information," the documents are identical. The Government filed an Answer/Motion to Dismiss in 01-CR-204 only, to which Handley filed a response, the Government a reply, and Handley a rebuttal to the reply.

imprisonment." *Id*., ¶ 21.

On April 4, 2003, after executing the plea agreement, Handley appeared before this Court and pled guilty to the one count information and Count I of the indictment. (01 Docket No. 61, pp. 27-28). Before accepting Handley's guilty plea, this Court conducted an extensive proceeding in compliance with Rule 11 of the Federal Rules of Criminal Procedure. The Court placed Handley under oath, asked a series of questions to determine his competency, *Id*., pp. 2, 4-5, 7-10, and advised him of his rights relative to the charges against him, pp. 5-7. During the course of the plea allocution, Handley confirmed that he had sufficient time to review the plea agreement, *Id*., pp. 3-4, 8, was satisfied with his attorney, p. 12, and understood the content of the indictment, information and plea agreement, pp. 10-27. Following the allocution, this Court concluded that Handley understood the nature of the charges against him, confirmed that his plea was voluntary, and found that the facts, as agreed to, would be sufficient for a trier of fact to conclude guilt beyond a reasonable doubt. *Id*., pp. 29-30.

On August 4, 2003, Handley was sentenced to a term of 150 months' imprisonment followed by five years of supervised release and was assessed a mandatory fee of $200. (01 Docket No. 62, pp. 17-20).

### III.  DISCUSSION

In his petitions, Handley conclusorily alleges that the indictment and information fail to allege facts constituting a Federal offense and this Court was without jurisdiction to impose a sentence on him. His arguments are fleshed out somewhat in his response to the Government's motion to dismiss. There Handley asserts that he is not charged with a "federal offense as defined by the U.S. Constitution Article I section 8 Sub Sec. 6 & 10 and Article 3 section 3 Sub Sec. 1." (01 Docket No. 63, p. 1). He also cites to <u>Apprendi</u>

v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and appears to argue that "matters of drug amounts [must be] brought before a jury." (01 Docket No. 63, p. 2). Finally, Handley contends that this Court lacked jurisdiction over the indictment and information because of improper service/process of those documents in violation of Rule 4 of the Federal Rules of Civil Procedure. Id., p. 3. In his "rebuttal" to the Government's reply, Handley reasserts his belief that "the only actual federal crimes are Treason, piracy on the high seas and counterfeiting." (01 Docket No. 66, p. 2).

### A. Apprendi and Blakely are Inapplicable

In Apprendi and Blakely, the United States Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490; Blakely, 542 U.S. at 301.

In this case, Handley admitted that:

> On November 10, 1999 and on November 15, 1999, [he] possessed with intent to distribute and distributed a quantity of a mixture or substance containing cocaine base on two occasions to an undercover officer in the City of Buffalo.

(01 Docket No. 46, ¶ 6). In short, he admitted to violating 21 U.S.C. § 841(a). (01 Docket No. 46, ¶ 1). That statute carries possible sentences of ten years to life, five to forty years, or zero to twenty years, depending on the type and quantity of drugs at issue. 21 U.S.C. § 841(b). The plea agreement sets forth the lowest statutory maximum of twenty years. That maximum sentence is applicable to any quantity of cocaine base of less than 5 grams. 21 U.S.C. § 841(b)(1)(C).

Handley's sentence did not exceed the lowest statutory maximum sentence

available to him following his admission to a violation and, therefore, Apprendi and Blakely are not implicated.

### B.     Waiver of the Right to Collateral Review

As noted above, Handley waived his right to appeal or collaterally attack his sentence if it fell within or below the sentencing range of 210 to 262 months. Handley was sentenced to a term of 150 months' imprisonment. During his plea allocution, Handley expressly stated that he had read and understood the plea agreement, had conferred with his attorney about it, and understood the waiver provision. (01 Docket No. 61, pp. 7-9, 12-13, 19-21, 23-24).

The Second Circuit has repeatedly upheld the enforceability of waivers under circumstances such as exist in this case. United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005); Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001); United States v. Fisher, 232 F.3d 301, 303 (2d Cir. 2000). Limited exceptions to the presumption of enforceability have been found to exist only where it can be shown that: 1) the waiver was not made knowingly, voluntarily, and competently; 2) the sentence imposed was based on constitutionally impermissible factors; 3) the government breached the plea agreement; or 4) the court failed to enunciate any rationale for the sentence. United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000).

Here, based upon this Court's review of the plea allocution, there is no reason to conclude that Handley's waiver was anything but knowing and voluntary. Handley consulted with his attorney, this Court reviewed the waiver provision with him and he at no time stated, nor does he now allege, that he did not understand the consequences of the waiver. Similarly, Handley does not allege a breach by the government or claim that there was no rationale for his sentence, which is substantially less than the applicable maximum

sentences and the sentencing range set forth in the plea agreement.

Handley does couch his remaining allegations in constitutional terms, but this Court finds his arguments unavailing. Handley's insistence that Rule 4 of the Federal Rules of Civil Procedure applies to the issuance and/or "service" of a criminal indictment was addressed in this Court's August 4, 2005 Order and is discussed above. Rule 4 of the Federal Rules of Civil Procedure has no applicability to the initiation of criminal proceedings and Handley's claim is without merit. Handley's further implication that all statutory crimes are unconstitutional is equally lacking in merit and requires no discussion.[3] In sum, Handley has not articulated any basis that would allow him to circumvent the waiver of the right to collateral review that he knowingly, voluntarily and competently consented to as part of his plea agreement.

## IV.  CONCLUSION

For the reasons stated, Handley's petitions are denied in their entirety.

Because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21

---

[3] This Court acknowledges and rejects Handley's additional and related assertions that: 1) his attorney was ineffective because he failed to advise that the indictment and information did not charge Handley with a Federal offense (because there are none other than treason, piracy and counterfeiting); and 2) that Handley's plea could not have been voluntary because he lacked this information.

(1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that the petitions (01-CR-204 Docket No. 58, and 03-CR-067 Docket No. 38) are DISMISSED.

FURTHER, that a certificate of appealability is DENIED.

FURTHER, that leave to appeal as a poor person is DENIED.

FURTHER, that the Clerk of this Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated:   March 5, 2006
         Buffalo, New York

                                                      /s/William M. Skretny
                                                      WILLIAM M. SKRETNY
                                                      United States District Judge